UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARIN SMITH,

    Plaintiff,

v.                          CASE NO. 3:23-cv-24676-MCR-HTC

LAKEVIEW CENTER INC.

    Defendant.
_____/

## ORDER

Plaintiff Carin Smith ("Smith") initiated this action in state court and Defendant, Lakeview Center Inc. ("Lakeview"), removed the action to this Court. Smith alleges Lakeview violated the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 et seq., and 42 U.S.C. § 1981 ("Section 1981") by discriminating and retaliating against her because of her race. Lakeview now moves to partially dismiss Smith's Amended Complaint based on Smith's failure to exhaust her administrative remedies under the FCRA, and because the majority of her claims are barred by the applicable statute of limitations. *See* ECF No. 13.

    **I.**    **Background**

Smith worked for Lakeview from on or about October 2007 until her termination on May 10, 2023. *See* ECF No. 11, Am. Compl. at ¶ 6. At the time of

her termination, she held the position of Senior Compliance Auditor. Smith asserts she was subjected to disparate treatment and retaliation on the basis of race by the Director of Business Operations, Pam Smith ("P. Smith"), Business Manager, Patty Hodgdon, Director of the Billing Department, Linda Gibbs, Employee Relations Manager, Shelly Prader, and Contacts and Compliance Manager, Rachel McKeithen, and more generally others — all of whom are white women. *Id.* at ¶¶ 6, 8. Smith alleges that throughout her employment at Lakeview, her supervisors—Gibbs and Hodgdon in particular—harassed her constantly by unfairly criticizing her work, interrupting her at meetings, falsely accusing her of not working, restricting her access to certain records at work, and yelling at her—all of which severely hampered her ability to perform her job. Smith accused Gibbs specifically of "criticizing her work based on discriminatory behavior." *Id.* at ¶ 31. [1]

Smith further alleges her supervisors showed preferential treatment to her white co-workers. By way of examples, Hodgdon and P. Smith reprimanded Smith for tardiness but did not similarly reprimand other white co-workers, such as Lynn Ruff, for being late. Hodgdon also criticized Smith for walking to the pharmacy during her shift despite not similarly admonishing Smith's other white co-workers—

---

[1] Smith does not detail Gibbs' "discriminatory behavior" in her Amended Complaint.

CASE NO. 3:23-cv-24676-MCR-HTC

Summer l/n/u and Mallory l/n/u/—for doing the same. Additionally, P. Smith and Hodgdon allegedly denied Smith a permanent schedule accommodation but approved the schedule change of Smith's white co-worker, Director Deanna l/n/u.

Smith also claims that several Lakeview employees harassed her. Allegedly, a co-worker, Shannon Gourde, used the N-word in Smith's presence on one occasion. Following Smith's promotion to a senior position, two white co-workers—Denise Huggins and Stephanie Rowland—taunted Smith by making sarcastic remarks at her expense.[2] *See id.* at ¶ 24.

Throughout her tenure at Lakeview, Smith regularly reported incidents of harassment or improper conduct to her supervisors, however, "no corrective action was taken." *See id.* at ¶¶ 20, 21, 23, 26, 30, 36, 37.[3] On May 10, 2023, several months after she filed a complaint through Lakeview's "Ethic Point hotline"[4], Smith

---

[2] Smith did not allege that either Huggins or Rowland harassed her because of her race.

[3] Specifically, Smith reported that: (1) she was denied a schedule accommodation; (2) she was reprimanded for walking to the pharmacy; (3) she and her co-workers looked at a picture of a noose on an external company's website — *Painting With a Twist* (the noose was described on the website as a "hanging swing"); (4) her supervisor told her that "white people were hung too" in response to her concerns with the picture of the noose; (5) her co-workers' harassed her following her promotion; (6) Hodgdon referred to employees as "bitches"; (7) Hodgdon harassed, micromanaged, and yelled at her; (8) Gourde used the N-word on one occasion; (9) Gibbs micromanaged her and criticized her work "based on discriminatory behavior"; and (10) Gibbs refused to meet with her after Smith reported Gibbs' conduct to her supervisors.

[4] The Ethic Point Complaint referenced many of the same allegations stated above. *See supra* note 2. However, in the Ethic Point Complaint, Smith also reported that: (1) Gourde

Page 4 of 15

was fired "under the guise of poor performance" despite never receiving a negative performance evaluation nor given any warning. *Id.* at ¶ 41. Smith claims that her termination was handled differently than the termination of her former white co-worker Rowland, who was also fired for poor performance. According to Smith, Rowland, unlike Smith, was provided notice of her poor performance issues before her termination. *Id.* at ¶ 42. Furthermore, Lakeview gave Rowland the opportunity to resign instead of terminating her, "so she would be eligible for rehire." According to Smith, Lakeview did not give her the same option. *Id.*

## II. Standard of Review

Federal pleading rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts the well pled allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (citing *Monzon v. U.S.*, 253 F.3d 567, 569–70 (11th Cir. 2001)). To survive a motion to dismiss, a

---

accidentally revealed to Smith her plot via text that she, P. Smith, and Gibbs were going to get Smith to "spill the beans"; and (2) Hodgdon treated white employees better than black employees.

    As to the first incident, Smith does not provide any further helpful details. She later questioned Gibbs about Gourde's text and Gibbs informed Smith that "Gourde was on medication" ECF No. 11, at ¶ 37, 40.

complaint must "include sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and is similarly deficient if it merely "tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

### III. Discussion

#### A. Exhaustion of Remedies – FCRA

In Counts I and II of her Amended Complaint, Smith alleges race discrimination and retaliation claims under the FCRA. Lakeview argues that these claims should be dismissed because Smith did not properly exhaust her administrative remedies.

Before a civil action may be filed under the FCRA, the individual seeking relief must exhaust her administrative remedies by filing a complaint with the Florida Commission on Human Relations ("FCHR"). Once a complaint is filed with the FCHR, the agency has 180 days to investigate the allegations to "determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the [FCRA]." Fla. Stat. § 760.11(3). Three results are possible: if the agency finds "reasonable cause" exists, the claimant may bring a civil action or

request an administrative hearing; if the agency finds "no reasonable cause," the agency must dismiss the complaint and the individual may request an administrative hearing but may not file a civil action; and if the agency takes no action within the 180-day period, the individual may file a civil action or request administrative review. *See* Fla. Stat. §§ 760.11(4), (7), (8); *see also Pittman v. Sunland Ctr., Fla. Agency for Persons with Disabilities*, No. 5:19-CV-0001-MCR-MJF, 2019 WL 13140744, at *4 (N.D. Fla. June 4, 2019) (citing *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894–955 (Fla. 2002)).

Smith filed her complaint with the Equal Employment Opportunity Commission (EEOC)[5] on August 29, 2023, and the agency issued a determination the following day.[6] Smith filed her civil suit in state court on October 6, 2023. The

---

[5] The complaint was dual filed with the FCHR. Under a work-sharing arrangement between the FCHR and the EEOC, each agency has authorized the other to accept discrimination complaints on the other's behalf. *See* Fla. Stat. § 760.11(1); *see also Sheridan v. State Dep't of Health*, 182 So. 3d 787, 789–90 (Fla. 1st DCA 2016).

[6] Lakeview attached the EEOC Charge in its Motion to Dismiss solely on the issue of whether Smith timely exhausted her administrative remedies, not on the merits of her claims. *See Tillery v. U.S. Dept. of Homeland Sec.*, 402 Fed. Appx. 421, 425 (11th Cir. 2010) ("In ruling on DHS's Rule 12(b) motion to dismiss based solely on exhaustion of administrative remedies and not on the merits of Tillery's claims, the district court did not err in considering evidence outside the pleadings or in making fact findings as to exhaustion"); *see also Bryant v. Rich,* 530 F.3d 1368, 1376. Furthermore, an EEOC Charge "is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading." *Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013) (collecting cases); *see also Gombosh v. University of Miami*, No. 21-23525, 2022 WL 18584337, at *9–10 (S.D. Fla. Mar. 8, 2022). District courts have also found it proper to take judicial notice of the EEOC Charge since it is a public record. *See Jackson v Alto Experience, Inc.*, No. 23-CV-22319, 2024 WL 580354, at *9 (S.D. Fla. Feb. 12,

Page 7 of 15

FCHR's 180-day investigation period did not expire until February 25, 2024, however, Lakeview contends that the FCRA claims must therefore be dismissed on exhaustion grounds as prematurely filed.

Smith's response references the Amended Complaint and the allegation that she "has satisfied all conditions precedent to bringing this action, if any, under the laws at issue in this case." ECF No. 11, at ¶ 5. At the same time, however, she acknowledges in her response that she filed her civil suit in state court *before the FCHR issued a determination*. Smith nonetheless submits the Court should not dismiss her FCRA claims and should instead hold the matter in abeyance, given that the 180-day investigation period would soon end. ECF No. 19, at 6–8. At the time of this ruling, the 180-day FCHR period has expired.

Given the unique posture of the litigation, the Court will deny the motion.[7] Ordinarily, the premature filing would be dismissed because "one of the essential elements of the claim is contingent upon the occurrence of an event that may or may not occur." *See Sheridan v. State Dep't of Health,* 182 So. 3d 787, 794 (Fla. 1st DCA

---

2024) (where court found it proper to take judicial notice since the EEOC Charge was matter of public record, defendants pleaded sufficiency of the charge, and the parties did not contest the authenticity of the documents) (citing *Hodge v. Miami Herald Co.*, No. 08-20633, 2008 WL 4180012, at *2 (S.D. Fla. Sept. 10, 2008)).

[7] Because of the EEOC's quick decision, Smith filed her suit quickly which prompted Lakeview to file its Initial Motion to Dismiss before the FCHR's investigation period had ended.

2016) (also noting that a premature filing of a civil suit does not divest the FCHR of jurisdiction); *see also Suarez v. Costco Wholesale Corporation,* No. 22-20242, 2023 WL 2536992, at * 5, n.4 (S.D. Fla. Mar. 16, 2023); *Wilson v. Collier County Florida,* No. 2:21-cv-861, 2022 WL 767715, at * 4 (M.D. Fla. March 14, 2022). However, Florida courts have noted that the "appropriate disposition" "varies depending on the nature of the premature element and the circumstances surrounding the premature act." *Sheridan*, 182 So. 3d at 794. Importantly, where the premature element is "curable simply by the passage of time" *and* that time has already passed before the court acted, as here, dismissal due to the premature filing is not appropriate or necessary. *Thomas v. Suwannee Cnty.*, 734 So.2d 492, 497–98 (Fla. 1st DCA 1999) (quoting *Angrand v. Fox*, 552 So. 2d 1113, 1115 (Fla. 3d DCA 1989)). Because the FCHR's investigation period ended without disposition prior to this ruling, Smith's FCRA claims are now ripe and will not be dismissed as premature.[8]

### B. Time-Barred Claims

Lakeview also argues that portions of each claim should be dismissed as beyond the statute of limitations. A Title VII claim must be filed within 300 days of

---

[8] The Court assumes from the parties' silence on the matter that the FCHR did not issue a timely "no cause" determination.

the alleged discriminatory and/or retaliatory act, *see* 42 U.S.C. § 2000e-5(e); an FCRA complaint must be brought within 365 days, see Fla. Stat. § 760.11(1), and "in Florida, the limitations period for a claim made pursuant to section 1981 is four years." *Williams v. Southeast Florida Cable, Inc.*, 782 So.2d 988, 991 (Fla. 4th DCA 2001).

Lakeview emphasizes that because Smith filed her EEOC/FCRA Charge on August 29, 2023, all discrete discriminatory or retaliatory act for purposes of Title VII must have occurred within 300 days—i.e., on or after November 1, 2022— and all discrete discriminatory and retaliatory acts for purposes of the FCRA must have occurred within 365 days—i.e., on or after August 29, 2022—all discrete discriminatory and retaliatory acts for purposes of Section 1981 must have occurred within four years—i.e., on or after October 6, 2019. Lakeview asserts that the Title VII, FCRA, and Section 1981 claims based on acts outside these respective statutory periods are otherwise time-barred. Smith argues that the court can consider unlawful practices that occurred outside of those respective statutory periods because her allegations amount to a "single unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113-15 (2002).

Each discrete "incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment

CASE NO. 3:23-cv-24676-MCR-HTC

practice" and "starts a new clock for filing charges alleging that act." *Id.* at 122. Thus, discrete acts of discrimination occurring prior to a plaintiff's statutory window are untimely and not actionable. Discrete acts include, "termination, failure to promote, denial of transfer, or refusal to hire…[t]hat list also includes denial of requests for lighter work assignments and alleged retaliation for filing EEO complaints." *Dewein v. McDonald,* No. 1:16cv261, 2017 WL 11727744, at *5 (N.D. Fla. Jan. 3, 2017) (internal quotations omitted) (quoting *Abram v. Fulton Cnty. Gov't*, 598 F. App'x 672, 675 (11th Cir. 2015)); *see also Morgan*, 536 U.S. at 115.

Smith relies on the principle that a claim for hostile work environment "is composed of a series of separate acts that collectively constitute one unlawful employment practice." *Morgan*, 536 U.S. at 117. It is true that hostile work environment claims are "different in kind from discrete acts" and "their very nature involves repeated conduct." *Id.* at 115. A claim for hostile work environment "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the [appropriate] time period." *Id.* at 122. "Where the discrete act is sufficiently related to a hostile work environment claim so that it may be fairly considered part of the same claim, it can form the basis for consideration of untimely, non-discrete acts that are part of the same claim." *Chambless v. Louisiana-Pac. Corp.,* 481 F.3d 1345, 1350 (11th Cir.

CASE NO.  3:23-cv-24676-MCR-HTC

2007).  Smith asserts that the entire history of Lakeview's discriminatory acts can be reviewed, given that at least one of the discriminatory acts—her termination—occurred within the statutory periods.  *Stewart v. Jones Util. & Contracting Co. Inc.*, 806 F. App'x 738, 741 (11th Cir. 2020) (citing *Morgan*, 536 U.S. at 122).  The Court disagrees and concludes that this continuing violation principle does not apply on the facts alleged.

Smith only brought claims of discrimination and retaliation.  She did not plausibly allege a hostile work environment claim, and she is thus barred from proceeding on any discrete act of discrimination occurring prior to November 1, 2022, for her Title VII claims, prior to August 29, 2022, for her FCRA claims, and prior to October 6, 2019, for her Section 1981 claims.  *See Brannon v. McDonough*, No. 120-182, 2022 WL 163626, at * 3 (S.D. Fla. Jan. 18, 2022) (stating, "[b]ecause Plaintiff failed to bring a hostile work environment claim and instead brought claims for retaliation, harassment, and discrimination, she was required to file" within the appropriate limitation period for each individual act on which she sought relief), *aff'd Sec'y, Dep't of Veterans Affs*, No. 22-10838, 2023 WL 1161129 (11th Cir. Jan. 31, 2023);  *see also Dagnesses v. Target Media Partners,* No. 15-23989, 2016 WL 10648749, at *4 (S.D. Fla. Jan. 11, 2016) ("The single unlawful employment practice doctrine, however, only applies to hostile work environment claims").

Smith asserts that her hostile work environment claim is clear from the face of her Amended Complaint because she alleged she was "the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race." ECF No. 19 at 9 quoting ECF No. 11, Am. Compl. at ¶¶ 47, 63. Alternatively, she argues that the alleged time-barred claims should be dismissed without prejudice so that she may amend her complaint.

The Court finds Smith's argument that she properly pled a claim for hostile work environment unavailing. The scattered references to Lakeview's "hostility" in her Amended Complaint are wholly conclusory and insufficient to plead a claim for hostile work environment. *See Palmer v. Albertson*, 418 Fed. Appx. 885, 890 (11th Cir. 2011) ("Palmer's use of the words "harassed" in his statement of facts and "hostile" in his disability discrimination claim neither stated a plausible claim for relief nor provided Albertson's with sufficient notice to defend against a harassment or hostile work environment claim."); *see also Harapeti v. CBS Television Stations, Inc.*, No. 20-22995, 2021 WL 3887542, at n.2 (S.D. Fla. Aug. 31, 2021) ("Plaintiff makes references to a "hostile work environment" in three separate paragraphs, which is insufficient to meet the Federal Rules of Civil Procedure's pleading

requirements"). Indeed, "a hostile work environment claim stands on its own. The Court and opposing parties should not have to guess whether a hostile work environment claim is hiding in a discrimination count." *Copeland v. Georgia Dept. of Juvenile Justice*, No. 7:12–CV–24, 2013 WL 1296778, at * 13 (M.D. Ga. Mar. 27, 2023). Smith argues that her claims for retaliation and discrimination are based on an ongoing hostile work environment; however, she did not plead a separate hostile work environment count in her Amended Complaint. Thus, all discrete acts falling outside of the applicable statute of limitations are time-barred.

While it is true that courts should "freely give leave when justice so requires", courts need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001); *see* Fed. R. Civ. P. 15(a)(2).[9] Lakeview filed an Initial Motion to Dismiss, in which it presented virtually identical arguments regarding Smith's hostile work environment claim or lack thereof. *See*

---

[9] Furthermore, Smith did not move to amend and cannot amend her complaint via a response to a motion to dismiss. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015).

CASE NO. 3:23-cv-24676-MCR-HTC

ECF No. 4. Following Defendant's initial Motion, the Court granted Smith leave to file an amended complaint; nonetheless, Smith neither pled a separate count for hostile work environment nor supplemented the factual allegations in her complaint to support a potential claim for hostile work environment.[10] *See* ECF Nos. 8–10. The Court concludes that leave to amend would be futile.[11]

---

[10] In her Amended Complaint, Smith clarified the basis of law for each count. For example, in her original complaint the title for Count I read "Count I – Discrimination"; in her Amended Complaint it read "Count I – Discrimination – Chapter 760". In her Initial Complaint, she complained that Gourde called her the "N-word" throughout her employment, but in her Amended Complaint she specifies that this only happened once. She also included in her Amended Complaint that Gibbs falsely criticized her work "based on discriminatory behavior"—she merely alleged in the Initial Complaint that Gibbs falsely criticized her work. *See* ECF Nos. 1, 11.

[11] Moreover, even if Smith attempted to bring a separate hostile work environment claim, the factual allegations contained in her Amended Complaint— Hodgdon and Gibbs' harassment and micromanagement of Smith's work, the denial of Smith's schedule accommodation, her employees' sarcastic remarks, Gourde's use of the N-word on one occasion—would be insufficient to survive a motion to dismiss. *See Brannon*, 2022 WL 163626, at * 3; *see also Thompson v. City of Miami Beach, Fla.,* 990 F. Supp. 2d 1335 (S.D. Fla. 2014) (where plaintiff's complaint was dismissed in part because supervisor's three racial slurs over two years, in combination with other rude behavior, was insufficient to properly state a claim for race based hostile work environment). Although Smith consistently identified the race of her supervisors and co-workers in her Amended Complaint, "the mere fact that these individuals were white d[oes] not plausibly show that Plaintiff suffered any discrimination or harassment on the basis of her race." *See Arrington v. Ala. Power Co.*, 769 Fed. Appx. 741, 747 (11th Cir. 2019); *see also Edwards v. Prime, Inc.,* 602 F.3d 1276, 1301 (11th Cir. 2010); *Trask v. Sec'y, Dep't of Veterans Affs.*, 822 F.3d 1179, 1196 (11th Cir. 2016) ("[T]he plaintiffs must show the hostile treatment was *based on* their protected status"). At most, Smith's hostile work allegations reveal the "rude and boorish" conduct of her supervisors and fellow co-workers. *See also Guthrie v. Waffle House, Inc.*, 460 F. App'x 803, 806–07 (11th Cir. 2012).

Accordingly, Lakeview's Partial Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 13, is **GRANTED IN PART and DENIED IN PART, as follows:**

1. **DENIED** as to Smith's failure to exhaust administrative remedies.

2. **GRANTED** based on the statute of limitations as to all Title VII claims based on events prior to November 1, 2022; all FCRA claims based on events prior to August 29, 2022; and all Section 1981 claims based on events prior to October 6, 2019.

3. Smith has 14 DAYS from the date of this Order to file a Second Amended Complaint that sets forth each claim for relief in a separate count and identifies the timely acts that form the basis of each claim.[12]

4. Lakeview's response to the amended complaint is due 14 DAYS thereafter. *See* Fed. R. Civ. P. 15(a)(3).

**DONE AND ORDERED** this 10th day of May 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[12] Count III of the Amended Complaint is "Race Discrimination — Title VII and § 1981", and Count IV is "Retaliation — Title VII and § 1981." Plaintiff must separate her Title VII and § 1981 claims in her Amended Complaint.

CASE NO. 3:23-cv-24676-MCR-HTC